**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 23-4252**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

CHARVEN KEIVON GORHAM,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:21-cr-00161-D-1)

─────────────

Submitted:  May 16, 2025                                Decided:  July 24, 2025

─────────────

Before GREGORY and HARRIS, Circuit Judges, and FLOYD, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ON BRIEF:** H. Justin Pace, H. JUSTIN PACE, PLLC, Asheville, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, John L. Gibbons, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charven Keivon Gorham appeals his sentence of 264 months' imprisonment. Gorham pled guilty to conspiracy to distribute and possess with intent to distribute marijuana, in violation of 21 U.S.C. § 846; possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); and possession of marijuana and cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The district court found Gorham qualified as a career offender under the U.S. Sentencing Guidelines Manual § 4B1.1(b) (2023), because he had two previous convictions for possession with intent to distribute marijuana under N.C. Gen Stat. § 90-95(a). Gorham objected to the district court's application of the career offender status to his sentence, and the district court overruled his objection.

On appeal, Gorham challenges his designation as a career offender based on his prior convictions under N.C. Gen. Stat. § 90-95(a)(1), arguing that under *United States v. Campbell*, 22 F.4th 438 (4th Cir. 2022), his prior convictions were not predicate controlled substance offenses. Gorham also challenges the substantive reasonableness of his sentence. We review the reasonableness of a sentence for abuse of discretion, considering both the procedural and substantive reasonableness. *United States v. Miller*, 75 F.4th 215, 226 (4th Cir. 2023). "Procedural errors include improperly calculating the [Sentencing] Guidelines range, failing to consider the § 3553(a) factors, failing to adequately explain the chosen sentence, and selecting a sentence based on erroneous facts." *Id.* at 226-27 (cleaned up). When reviewing the Guidelines calculations, we "consider[] de novo whether a prior

2

conviction is a controlled substance offense under the Guidelines." *Id.* at 228-29 (cleaned up).

In *Campbell*, we determined that West Virginia's statute prohibiting the manufacture, delivery, or possession with intent to distribute controlled substances did not qualify as a controlled substance offense under the Guidelines because that statute defined delivery to include attempted transfer of controlled substances, and the Guidelines' definition of a controlled substance offense did not include inchoate offenses. 22 F.4th at 440-44. In *Miller*, we determined that North Carolina's offense of possession with intent to distribute a controlled substance offense under N.C. Gen. Stat. § 90-95(a)(1) is categorically a controlled substance offense under the Guidelines. *Miller*, 75 F.4th at 229-31. Specifically, we found that, though North Carolina's statute similarly defined delivery to include attempted transfer, North Carolina also criminalized inchoate offenses in a separate statute, and, therefore, § 90-95(a)(1) did not include inchoate offenses. *Id.* at 230-31.

On appeal, Gorham argues that *Miller* does not control because it conflicts with our decision in *Campbell* and *Campbell* was decided first. Gorham also argues that our decision in *Miller* applied under the plain error standard of review, while Gorham has preserved his challenge for appeal.

Initially, we recently rejected a similar argument that a case decided after *Campbell* conflicted with *Campbell*. In *United States v. Davis*, 75 F.4th 428, 442-45 (4th Cir 2023), we determined that South Carolina's distribution of controlled substances statute qualified as a controlled substance offense for the same reasons that we outlined in *Miller*. In *United*

3

*States v. Jackson*, 127 F.4th 448, 450 (4th Cir. 2025),[*] the defendant again challenged South Carolina's statute, arguing that *Davis* conflicted with *Campbell* and therefore the holding in *Campbell* must control the issue. We rejected this argument, noting that we had explained in *Davis* why the statute at issue in *Campbell* differed from that at issue in *Davis*, and there was no conflict between those cases. *Jackson*, 127 F.4th at 454-55. Similarly here, we reject Gorham's assertion that *Miller* does not control the issue because, in *Miller*, we explained why the statute at issue in *Campbell* was distinguishable in concluding that N.C. Gen. Stat. § 90-95(a)(1) qualified as a controlled substance offense. 75 F.4th at 230-31.

Moreover, the more relaxed standard of review did not affect our ultimate conclusion in *Miller*. In order to demonstrate plain error, a defendant must show (1) error, (2) that is plain, and (3) that affected his substantial rights. *United States v. Bennett*, 698 F.3d 194, 200 (4th Cir. 2012). In *Miller*, we determined that the defendant had not demonstrated that the district court erred in classifying his prior offenses as controlled substance offenses because they categorically qualified as controlled substance offenses. 75 F.4th at 230-31. Therefore, as we found there was no error, the plain error standard of review did not affect our conclusion that § 90-95(a)(1) categorically qualified as a controlled substance offense. Accordingly, we conclude that the district court correctly determined that Gorham was a career offender.

---

[*] We placed this appeal in abeyance for the decision in *Jackson*.

Gorham also challenges the substantive reasonableness of his within-Guidelines sentence.  "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable.  Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors."  *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (internal citation omitted).  Gorham has failed to rebut the presumption of reasonableness applied to his sentence.  The district court thoroughly explained its reasons for imposing the sentence and rejected Gorham's request for a downward variance.  Based on the factors identified by the district court, we conclude that the sentence is not substantively unreasonable.

Accordingly, we deny Gorham's motion to file supplemental briefs, and we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*